# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**vs.**                                                    **CASE NO. 23-CR-00204-MIS**

**TRAPPER KILLSMANY,**
**a.k.a "David Goldsmith,"**

    **Defendant.**

### ORDER GRANTING DEFENDANT'S
### UNOPPOSED MOTION TO DETERMINE MENTAL COMPETENCY

    **THIS MATTER** having come before the Court on Defendant's Unopposed Motion to Determine Mental Competency, pursuant to 18 U.S.C. § 4241, and the Court being fully advised in the premises, this Court FINDS that the motion is well-taken.

    **IT IS THEREFORE ORDERED** that at the earliest practicable time, the Clerk of the United States District Court for the District of New Mexico shall appoint a psychiatrist or psychologist to conduct a competency evaluation of Mr. Killsmany.   The Clerk of the Court shall furnish the person conducting the evaluation with a copy of the criminal complaint, a copy of the Motion to Determine Mental Competency, a copy of this Order, and shall instruct the psychiatrist or psychologists to promptly file a report with the Court responding to the following questions:

1.    Does the Defendant now have a rational as well as factual understanding of the charges against him?

2.    Does the Defendant now have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding?

3.    If the Defendant does not presently have a rational or factual understanding of the charges

or presently does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, then is there a substantial probability that the Defendant will attain either of these capacities in the foreseeable future?

4.     Further proceedings in this case are STAYED pending a competency hearing.   Pursuant to 18 U.S.C. § 3161(h)(a)(A), the period of time from the filing of the Defendant's Motion to Determine Mental Competency to the entry of an order finding Defendant competent is excluded for purposes of calculating the Defendant's speedy trial rights.

**IT IS FURTHER ORDERED** that Defendant not be questioned regarding the pending charges and, pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure, neither any statement made by the Defendant in the course of the examination, nor the fruits of any statement made by the Defendant in any criminal proceeding except on an issue respecting mental condition, on which the Defendant has introduced testimony be admitted into evidence.

HONORABLE MARGARET STRICKLAND
UNITED STATES DISTRICT JUDGE

Respectfully Submitted by:
Gia McGillivray
Assistant Federal Public Defender